# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LAILA BLANCHARD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No.  3:24-CV-00292-LS |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND RULE 26 DISCLOSURES AND EXPERT DISCLOSURES

Plaintiff filed a motion for leave to update and amend her Rule 26 disclosures and expert designations to add experts and medical and billing records that she did not timely disclose.[1] The Court denies the motion.

## I.    LEGAL STANDARD.

Under Fed. R. Civ. P. 26, a party must disclose "each individual likely to have discoverable information" and "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."[2] If a party fails to timely provide this information or identify a witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."[3]

---

[1] ECF No. 21.
[2] Fed. R. Civ. P. 26(a)(1)(A).
[3] Fed. R. Civ. P. 37(c)(1).

"Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]."[4] Harmlessness requires an analysis of: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[5] A court may exclude evidence that was not properly designated "as a means of enforcing a pretrial order."[6]

## II.    ANALYSIS.

Plaintiff seeks to add Bryanna Molina, PT, from Border Therapy Services and Luis Ramos, M.D., from Southwest X-Ray/Akumin, as expert witnesses.[7] Plaintiff's deadline to designate testifying experts was August 6, 2025.[8] Plaintiff also seeks to disclose medical and billing records from Border Therapy Services, LLC, Southwest NeuroSpine Institute, and Southwest X-Ray/Akumin.[9] The deadline for discovery was December 8, 2025.[10]

Plaintiff began treatment at Border Therapy Services, LLC, on April 16, 2025, but she did not disclose any records until December 12, 2025.[11] Plaintiff provides no good explanation for disclosure until after the expert designation and discovery deadlines.

Southwest NeuroSpine Institute was already designated in Plaintiff's expert disclosures.[12] Nevertheless, Plaintiff did not produce the complete medical and billing records for this provider

---

[4] *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016) (quoting *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009)).
[5] *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).
[6] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).
[7] ECF No. 21 at 23; ECF No. 23 at 2.
[8] ECF No. 9 at 1.
[9] ECF No. 21 at 3–4.
[10] ECF No. 9 at 2.
[11] ECF No. 21 at 3.
[12] *Id.*

until March 11, 2026.[13] Defendant independently obtained the records from this institution and produced them before the close of discovery.[14] The records Plaintiff now produces show "five appointments that Defendant was previously unaware of," including three before the close of discovery.[15] Plaintiff has provided no explanation for why she waited until March 11, 2026, to produce these records.

Finally, Plaintiff seeks to add an expert witness and medical records and billing information from Southwest X-Ray/Akumin. Plaintiff states that she did not obtain the medical and billing records from Southwest X-Ray until March 13, 2026.[16] She does not provide an explanation for why she waited until three months after the close of discovery to obtain this information. According to Defendant, Plaintiff was treated at Southwest X-Ray in February 2025,[17] which means that she months to disclose the relevant records and disclose Dr. Ramos as an expert.

Plaintiff seeks to use the subject records to establish her physical injuries and medical bills. However, as Defendant points out, these late disclosures and designations will prejudice Defendant because it did not have "an opportunity to question Plaintiff about the records at her deposition, and Defendant's billing and medical experts did not have an opportunity to review the records prior to issuing their reports."[18] And, because of this Court's busy docket, a continuance is not available to cure any such prejudice.[19]

---

[13] *Id.* at 4.

[14] ECF No. 23 at 14.

[15] *Id.* at 15.

[16] ECF No. 21 at 4.

[17] ECF No. 23 at 13.

[18] *Id.* at 12.

[19] *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance.").

As only one factor weighs in favor of allowing the untimely disclosures and designations, the Court denies leave for the requested supplementation at this late date.[20]

## III.   CONCLUSION.

For the foregoing reasons, Plaintiff's motion for leave to amend her Rule 26 and expert disclosures [ECF No. 21] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 9, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[20] *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) ("The importance of . . . proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.").